United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10810
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO CHAPA-IBARRA, also known as Benito Ibarra Chapa,

Defendant-Appellant.

_____

No. 03-11216

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENITO IBARRA CHAPA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-32-ALL-K
USDC No. 3:03-CR-365-ALL-K
--------------------

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except

Benito Chapa-Ibarra ("Chapa") appeals from his conviction of illegal reentry following deportation and from the revocation of his term of supervised release based on the illegal-reentry conviction. IT IS ORDERED that Chapa's appeals are consolidated.

Chapa contends that the district court erred by declining to give his proposed instruction regarding his state of mind about his citizenship status; erred by declining to instruct the jury that the Government's burden of proving alienage meant more than proving Chapa's alien birth; erred by denying his motion for a mistrial; erred by denying him a sentencing adjustment for acceptance of responsibility; and erred by revoking his term of supervised release. Chapa's contentions are unavailing.

Illegal reentry is not a specific-intent crime. The Government therefore did not need to prove that Chapa had any intent or knowledge regarding his citizenship status. *See United States v. Treviño-Martinez*, 86 F.3d 65, 68-69 (5th Cir. 1996). The district court therefore did not err by declining to give Chapa's requested instruction regarding his state of mind.

The district court's instructions regarding alien status adequately explained the law and the Government's burden of proof. The district court did not err by declining to give Chapa's requested instructions on alien status. *See United States v. Bishop,* 264 F.3d 535, 553 (5th Cir. 2001).

under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of Chapa's mistrial motion was not an abuse of discretion. *See United States v. Wyly*, 193 F.3d 289, 298 (5th Cir. 1999). First, the district court sustained Chapa's objection to the prosecutor's question on which the mistrial motion was based, before the question was answered. Second, the question related to a peripheral issue in the case. It is highly unlikely that the jurors would have relied on the prosecutor's question to make a finding on the central issue in the case.

Because Chapa did not seek an acceptance-of-responsibility adjustment apart from his downward-departure motion, we review his contention under the plain error standard. *See* FED. R. CRIM. P. 52(b). There was no plain error in Chapa's case. Chapa continued to deny that he was an alien after he was convicted, and he accused a witness of committing perjury about his mother's birth certificate. No adjustment was warranted. *See* U.S.S.G. § 3E1.1(a).

Chapa's contention that the district court erroneously revoked his supervised release is based on his challenge to his conviction. Because the conviction is affirmed, the revocation also is affirmed.

AFFIRMED.